UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA L. ROGERS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:16CV39 JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

**MEMORANDUM AND ORDER**

Joshua Rogers moves to correct his sentence under 28 U.S.C. § 2255. The motion appears to be barred by the statute of limitations. As a result, the Court will order Rogers to show cause why this action should not be summarily dismissed. *See* 28 U.S.C. § 2255 Rule 4.

Rogers pled guilty to one count of felon in possession of a firearm. *United States v. Rogers*, No. 1:13CV109 JAR (E.D. Mo.). On June 17, 2014, the Court sentenced him to fifty-seven months' imprisonment to be followed by two years of supervised release. His sentence was not enhanced under the Armed Career Criminal Act ("ACCA") or Chapter Four of the United States Sentencing Guidelines. He did not file an appeal.

Rogers argues that his criminal history was incorrectly calculated because a prior conviction for burglary was counted as a crime of violence under U.S.S.G. § 2K2.1. He claims he is entitled to relief under *Descamps v. United States*, 133 S.Ct. 2276 (2013), and *Johnson v. United States*, 135 S.Ct. 2551 (2015). He seeks to be resentenced.

*Descamps*, which was decided on June 20, 2013, held that the district courts may not apply the modified categorical approach to sentencing under ACCA when the crime of which the defendant was convicted has a single, indivisible set of elements. 133 S.Ct. at 2282. In *Johnson*,

which was decided on June 26, 2015, the Court held the "residual clause" of the ACCA to be unconstitutionally vague. 135 S.Ct. at 2557-58.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

>  (1) the date on which the judgment of conviction becomes final;
>
>  . . .
>
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  . . .

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the Court must provide notice to the movant. *Id.*

The judgment of conviction became final more than one year ago. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final on June 27, 2014, which was ten days after the judgment was entered. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on June 27, 2015. As a result, the motion is untimely unless a new right, made retroactive by the Supreme Court, provides Rogers with relief.

*Descamps* was decided more than one year ago. Therefore, even if it were made retroactive, it would not provide Rogers with relief.

*Johnson* applies only to sentences enhanced under the ACCA. Because Rogers's sentence was not enhanced under the ACCA, *Johnson* does not provide him with relief. As a result, it appears that the motion is time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that Rogers must show cause, no later than twenty-one (21) days from the date of this Order, why this action should not be dismissed.

**IT IS FURTHER ORDERED** that if Rogers fails to respond to this Order, the Court will dismiss this action without further proceedings.

Dated this 2nd day of March, 2016.

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**